IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONRAD LEE VARGAS,

                Plaintiff,

  v.

ROBERT MANN, BARRY CLARK, SGT. MINSHALL,
MR. BONNER, LIZZIE TEGELS, JODI DOUGHERTY,
CHRISTOPHER BRUESGEN, CHARLES FACKTOR,
CINDY O'DONNELL, and JOHN/JANE DOES,

                Defendants.

OPINION & ORDER

16-cv-565-jdp

---

    Plaintiff Conrad Lee Vargas, a state of Wisconsin inmate currently confined at the Chippewa Valley Correctional Treatment Facility, brings this lawsuit alleging that he was severely injured while working in the welding department at the Jackson Correctional Institution. Vargas has made an initial partial payment of the filing fee, as previously directed by the court.

    The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Barber is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

    After reviewing the complaint with these principles in mind, I conclude that Vargas states Eighth Amendment claims against several defendants for making him use unsafe equipment. I will give him a short time to amend his complaint to better explain his other claims and to show that he has complied with Wisconsin's notice-of-claim statute, which is a requirement for him to bring state law claims in this lawsuit.

ALLEGATIONS OF FACT

Plaintiff Conrad Lee Vargas was a "maintenance worker" in the welding department at the Jackson Correctional Institution (JCI). Vargas was severely injured "due to faulty/broken equipment": a tendon in his thumb was severed in an accident. Vargas had surgery, but his thumb is now disfigured and he remains in severe pain and emotional distress.

Defendants Barry Clark, Sgt. Minshall, Robert Mann, and Mr. Bonner were responsible for maintaining the safety of the equipment Vargas worked with but they failed to update or fix it.

Vargas filed an inmate grievance about the incident, but defendants Jodi Dougherty, Christopher Bruesgen, Charles Facktor, and Cindy O'Donnell denied his grievance and appeals.

ANALYSIS

Vargas alleges that he was injured in a workplace accident that could have been avoided had defendants Clark, Minshall, Mann, and Bonner properly maintained the equipment. I take him to be attempting to bring claims under both federal and state law theories of relief.

Prison officials may violate an inmate's Eighth Amendment right against cruel and unusual punishment by failing to protect the inmate from a threat of harm. To state a claim for a prison official's failure to protect him from harm, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison officials identified acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Although Vargas's allegations are

somewhat vague, I take him to be saying that defendants Clark, Minshall, Mann, and Bonner knew that the equipment he worked with was dangerous but did not take proper precautions to make it safe. I conclude that Vargas states Eighth Amendment claims against these defendants.

Vargas also names JCI Warden Lizzie Tegels as a defendant, and says that she "is responsible for the staff doing their jobs accordingly and the safety of prisoners." Dkt. 1, at 3-4. Tegels's mere status as a supervisor is not enough to state an Eighth Amendment claims against Tegels. Vargas cannot "rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates. . . . Rather, the supervisory officials also must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Therefore, I will not allow Vargas to proceed on an Eighth Amendment claim against Tegels.

Vargas alleges that defendants Dougherty, Bruesgen, Facktor, and O'Donnell denied his grievance and appeals, stating that "[t]hey could have helped me but chose not to and now I'm in complete pain." Dkt. 1, at 4. These allegations are too vague to state a claim against the defendant complaint examiners, because Vargas does not explain how they could have helped him. It is unclear whether he is saying that he warned them about the dangerous equipment, whether he complained about medical problems following the incident, or something else. If Vargas complained about an event that had already occurred, a complaint examiner does not violate the constitution by rejecting a grievance about it. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). If Vargas complained about a problem the examiners could fix, he might be able to bring an Eighth Amendment claim against them, but

without knowing more about Vargas's complaint, I cannot allow him to procced on claims against the examiners.

I will stay service of the complaint and give Vargas a short time to submit an amended complaint better explaining how defendants Dougherty, Bruesgen, Facktor, and O'Donnell could have helped him. Vargas should explain when he filed his complaint, what he complained about, how each of the defendants responded, and how he was harmed.

Vargas names "any and all John/Jane Does" as defendants in the caption of the complaint, but he does not mention a Jane Doe or John Doe in his allegations. If Vargas meant to include the Doe defendants as placeholders for possible new defendants he might discover later, it is unnecessary to include them now. Should Vargas discover that other prison officials played a role in harming him, he should seek leave to amend his complaint to include his new allegations about them. For now, I will dismiss the Doe defendants.

As for state law theories of recovery, I take Vargas to be saying that defendants Clark, Minshall, Mann, and Bonner were negligent by subjecting him to dangerous equipment in the welding department. A negligence claim under Wisconsin law includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I conclude that Vargas's allegations are enough to state a negligence claim against these defendants, but there is a problem that prevents these claims from going forward.

It is unclear from the complaint whether Vargas has complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, by notifying the attorney general about his state law claims. This notice is required before a plaintiff can sue defendants under these state law theories. Section 893.82(3) states:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

In his complaint, Vargas references the statute concerning notices of claim for claims against *municipal* employees, Wis. Stat. § 893.80, which is not the correct statute for his current claims. But even if he had mentioned the correct statute, that is not enough information for me to tell whether he has met the notice-of-claim requirement. Because it is unclear whether he means to say that that he provided the attorney general with a notice before filing this case, I cannot allow him to proceed on his state law claims at this point. When he amends his complaint to better explain his claims against defendants Dougherty, Bruesgen, Facktor, and O'Donnell, he should also explain whether he has complied with the notice-of-claim statute. If Vargas does not respond or his response is inadequate, the case will proceed with only his federal law claims.

Finally, I note that in his request for relief, Vargas seeks "worker's compensation since [he is] now disabled." Under certain circumstances, an inmate worker may be eligible for payments similar to worker's compensation upon release. *See* Wis. Stat. § 303.21 ("Compensation to injured prisoners"). Depending on the type of job Vargas had, it is also possible that he could be entitled to compensation for his injury while he is unable to work. *See* Wis. Admin. Code § 313.18(3) ("An employee injured in the performance of job duties shall receive injury compensation pay in an amount equal to the amount the employee would

have received had the employee worked during their recuperation."). But these are remedies he must seek though the prison and state of Wisconsin administrative processes; he cannot pursue them in federal court.

ORDER

IT IS ORDERED that:

1. Plaintiff Conrad Lee Vargas is GRANTED leave to proceed on Eighth Amendment claims against defendants Barry Clark, Sgt. Minshall, Robert Mann, and Mr. Bonner.

2. Plaintiff is DENIED leave to proceed on an Eighth Amendment claim against defendant Lizzie Tegels.

3. Defendants Tegels and John and Jane Does are DISMISSED from the case.

4. The remainder of plaintiff's complaint is DISMISSED. Plaintiff may have until January 9, 2017, to submit a proposed amended complaint (1) better explaining his claims against defendants Jodi Dougherty, Christopher Bruesgen, Charles Facktor, and Cindy O'Donnell; and (2) showing whether he has complied with Wisconsin's notice-of-claim statute.

5. Service of the complaint is STAYED pending receipt and screening of plaintiff's amended complaint.

Entered December 19, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge