IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONRAD LEE VARGAS,

                Plaintiff,

  v.

ROBERT MANN, BARRY CLARK, JAY MINSHALL,
LARRY BONNER, JODI DOUGHERTY,
CHRISTOPHER BUESGEN, CHARLES FACKTOR,
and CINDY O'DONNELL,[1]

                Defendants.

OPINION & ORDER

16-cv-565-jdp

---

Plaintiff Conrad Lee Vargas, a state of Wisconsin inmate currently confined at the Columbia Correctional Institution, brings this lawsuit about the severe injury he suffered while working in the metal shop at the Jackson Correctional Institution. Vargas cut his hand with an angle grinder after the grinder kicked back from the metal conduit he was cutting. It turned out that the vise Vargas used to secure the conduit was badly damaged, contributing to the accident.

Vargas brings Eighth Amendment and Wisconsin-law negligence claims against prison officials who he says knew that the vise was damaged. He also brings Eighth Amendment claims against prison grievance examiners who denied his grievance about inadequate pain treatment following his injury. Defendants have filed a motion for summary judgment on all of Vargas's claims. Dkt. 24.

---

[1] I have amended the caption to include defendants' first names and reflect the correct spelling of their names, as provided by defendants' submissions.

I will grant defendants' motion for summary judgment on Vargas's claims against the grievance examiners because he fails to show that any of them were deliberately indifferent to his medical needs. But I will give Vargas a chance to supplement his summary judgment materials regarding his claims about the dangerous conditions in the metal shop.

UNDISPUTED FACTS

The following facts are drawn from the parties' summary judgment materials and are undisputed unless noted otherwise.

Plaintiff Conrad Lee Vargas is a state of Wisconsin inmate. This lawsuit concerns events occurring while he was incarcerated at the Jackson Correctional Institution (JCI). Most of the defendants worked at JCI: Jay Minshall was a correctional sergeant; Barry Clark was a facilities maintenance specialist; Robert Mann was the buildings and grounds supervisor; Larry Bonner was the buildings and grounds superintendent; Jodi Dougherty was the institution complaint examiner; and Christopher Buesgen was the deputy warden. Defendants Charles Facktor and Cindy O'Donnell worked at the DOC central office: Facktor was a corrections complaint examiner, and O'Donnell acted as the secretary's designee on inmate grievance appeals.

Vargas worked in the metal shop in the maintenance facility at JCI. Clark was his supervisor. Minshall was a correctional sergeant who supervised inmates working in the maintenance facilities.

Defendants say that when an inmate is assigned to a job in the maintenance facilities, the inmate receives initial training by his supervisor concerning safe work methods, including demonstrations of safety features related to the particular work assignment. Inmates are also

2

told to report any deficiencies to staff. Vargas disputes this, saying that he only "sign[ed] papers" before starting work. *See* Dkt. 33, at 1.

Vargas was assigned to dismantle and separate scrap metal. On September 9, 2014, Vargas had been working on this assignment for about two and one-half months. That day, he was cutting flexible metal conduit using an angle grinder. Vargas was injured when the grinder "kicked back" and hit his hand. Vargas sustained a one-and-one-half to two-inch cut. A staff member alerted Minshall to the injury. Minshall told Vargas to sit down while they waited for an escort to the Health Services Unit. Vargas later went to the hospital.

An investigation showed that the bench vise Vargas used to secure the conduit was broken; there was a large crack in the base, and a significant portion of the base was missing. Defendants say that they did not know that the vise was broken, and that the crack was not plainly visible. Defendants say that the crack could not be seen unless you were looking up at the vise from the floor, but that is not supported by the photos of the vise. The crack in the base is plainly visible in the photos, and defendants do not explain how the mounting of the vise would conceal the crack. Vargas states that even before he started working in the metal shop, an inmate named Morrison had told defendants about the broken vise. The vise was replaced after the accident.

A couple of weeks after the incident, Vargas filed an inmate grievance, stating that he was injured because of faulty equipment, and that defendants Minshall, Mann, and Clarke knew that the vise he was using was broken. Defendant Dougherty recommended dismissing the grievance in part because Vargas did not report to staff until after the incident that the vise was broken. Vargas appealed this decision through the DOC system. Defendants Buesgen, Facktor, and O'Donnell each ruled against Vargas.

In December 2014, Vargas filed a grievance about Health Services Unit staff failing to provide him with adequate pain medication. Defendant Dougherty contacted HSU staff and reviewed Vargas's medical records, including those showing that a week before the complaint, a nurse practitioner had discontinued the ibuprofen about which Vargas complained, and had prescribed meloxicam. Dougherty recommended that the complaint be dismissed because Vargas's medical care was a matter of professional medical judgment and he continued to receive care. Vargas appealed this decision through the DOC system. Defendant O'Donnell issued the final ruling dismissing the grievance.

ANALYSIS

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). If the nonmoving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. *Celotex*, 477 U.S. at 322.

Vargas brings claims under both the Eighth Amendment and Wisconsin negligence law. Vargas contends that defendants violated his Eighth Amendment rights in two ways: defendants Clark, Minshall, Mann, and Bonner knew that the equipment he worked with was

dangerous but did not take proper precautions to make it safe; and (2) defendant complaint examiners Dougherty, Buesgen, Facktor, and O'Donnell denied his grievance about the lack of appropriate medical treatment following the injury.

## A. Faulty equipment

Prison officials may violate an inmate's Eighth Amendment right against cruel and unusual punishment by failing to protect the inmate from a threat of harm. There is unquestionably some danger involved in the type of work performed by prisoners in the metal shop, but prisons are not forbidden from having inmates use power tools just because they are potentially dangerous. The issues here are whether Vargas faced a "substantial risk of serious harm" and that defendants acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).

Although the parties do not explain exactly how the damaged bench vise caused the accident, they seem to agree that the vise contributed to the accident. Defendants submit pictures of the damaged vise, and I conclude that a reasonable jury could conclude that Vargas—or anyone else using the vise while also using power tools—was exposed to a substantial risk of harm.

Proving deliberate indifference is more difficult. Defendants say that they were not indifferent to the risk because they did not know that the vise was damaged, that they provided training in the proper use of all of the equipment, and that they told prisoners to alert staff to damaged equipment. Vargas attempts to dispute these facts, but he does not comply with this court's procedures for briefing summary judgment motions. In particular, he states that he did not receive any training before beginning work in the metal shop; he only "sign[ed] papers." *See* Dkt. 33, at 1. But he does not support his proposed finding with a declaration or affidavit

explaining, under penalty of perjury, that his statement is true. Similarly, he states that defendants did know about the damaged vise because an inmate named Morrison reported the problem before Vargas began working in the metal shop. *Id.* at 2. But he does not provide a declaration from Morrison or any other evidence that corroborates Vargas's proposed finding.

Defendants request that I enter summary judgment because of Vargas's flawed summary judgment submissions. But given Vargas's pro se status, I will not immediately dismiss his failure-to-protect claims or his state-law negligence claims for what appear to be mere technical defects with his proposed findings of fact. If Vargas had properly supported his proposed findings, these claims would have to be tried, because a reasonable jury could conclude that defendants knew about the unsafe equipment and yet allowed inmates to work with it anyway.

But there is no point in having a trial unless Vargas can point to evidence that he could use at trial to raise a reasonable inference that defendants knew about the unsafe conditions. I will give Vargas a final chance to substantiate his proposed findings by submitting evidence showing how he knows that (1) he received no training; and (2) inmate Morrison warned defendants about the damaged vise. This can be as simple as Vargas submitting his own declaration saying that, under penalty of perjury, he did not receive the training that defendants say they provided, and a declaration from Morrison in which he explains, under penalty of perjury, who he notified about the damaged vise, and when. Or Vargas could submit prison records documenting either of these issues. I will give him a short time to submit these materials, and I will give defendants a chance to reply to them. If Vargas fails to submit any supplemental materials, I will grant summary judgment to defendants on his Eighth Amendment claims and decline to retain supplemental jurisdiction over the negligence claims.

6

Because submission of these supplemental materials will run into the trial date, I will strike the schedule, and new pretrial deadlines and trial date will be set should the case survive summary judgment.

**B. Medical treatment**

Vargas also brings claims against defendant complaint examiners Dougherty, Buesgen, Facktor, and O'Donnell for denying his grievance about the lack of appropriate medical treatment following the injury. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer*, 511 U.S. at 847. To be considered "deliberately indifferent," an official must know of and disregard "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

I previously explained to Vargas that he could proceed with Eighth Amendment claims against defendant grievance examiners because they potentially could have intervened in his

medical treatment yet chose not to. *See* Dkt. 11, at 2. But it is undisputed that Buesgen and Facktor played no role in Vargas's grievance about his medical treatment. They did rule against Vargas regarding his grievance directly about faulty equipment, but Vargas filed that grievance after he had already been injured, so there is nothing Buesgen and Facktor could have done to protect Vargas from the accident itself. I will grant defendants' motion for summary judgment on the claims against Buesgen and Facktor.

That leaves defendants Dougherty and O'Donnell, who ruled against Vargas on his grievance about his medication. But Vargas cannot show that they acted with deliberate indifference to his medical needs. Dougherty investigated the complaint and relied on the judgment of the medical professionals treating Vargas. O'Donnell, in turn, relied on that investigation and that of the corrections complaint examiner. Grievance examiners, like other non-medically-trained prison officials, are entitled to rely on the opinions of the medical professionals treating him. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006) (explaining that when a prison official investigates medical complaints and reasonably defers to a medical professional, the official incurs no liability); *see also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("As a nonmedical administrator, Peterman was entitled to defer to the judgment of jail health professionals so long as he did not ignore Berry."). Accordingly, I will grant defendants' motion for summary judgment on the claims against Dougherty and O'Donnell.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 24, is GRANTED in part. Plaintiff Conrad Lee Vargas's Eighth Amendment claims against defendants Dougherty, Buesgen, Facktor, and O'Donnell are DISMISSED, and these defendants are dismissed from the case.

2. Plaintiff may have until August 22, 2018, to submit supplemental materials opposing defendants' motion for summary judgment on his failure-to-protect and negligence claims. Defendants may have until September 10, 2018, to file a reply to the supplement.

3. The remaining schedule, including the trial date, is STRUCK.

Entered August 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge